FILED
United States Court of Appeals
Tenth Circuit

**June 25, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY JERMAINE BATTLE, JR.,

    Defendant - Appellant.

No. 09-3047
(D.C. No. 00-CR-10059-JTM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Larry Jermaine Battle, Jr., a federal inmate appearing pro se, seeks to appeal from the district court's order denying his motions to modify an imposed term of imprisonment and to vacate. 1 R. Docs. 278, 279, 280.

Mr. Battle was convicted by a jury on November 13, 2000, of (1)

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

interfering with or obstructing interstate commerce by committing a robbery in violation of 18 U.S.C. § 1951, and (2) causing the death of Edward S. Lee with a firearm during the commission of that robbery in violation of 18 U.S.C. § 924(c)(1) and § 924(j)(1). United States v. Battle, 289 F.3d 661, 663 (10th Cir. 2002). The district court sentenced him to consecutive sentences of 240 months' imprisonment for the Hobbs Act violation and life imprisonment pursuant to 18 U.S.C. § 924(c)(1) and § 924(j)(1). Battle, 289 F.3d at 663.

Mr. Battle appealed his conviction and sentence, and this court affirmed. Id. Mr. Battle then filed a motion to vacate under 28 U.S.C. § 2255, alleging (1) lack of jurisdiction in the district court, (2) ineffective assistance of trial counsel, and (3) ineffective assistance of appellate counsel. See 1 R. Doc. 248; see also United States v. Battle, 133 Fed. App'x 546, 547 (10th Cir. 2005) (unpublished). The district court denied the motion, 1 R. Doc. 252, and subsequently denied Mr. Battle's request for a COA, 1 R. Doc. 258. Mr. Battle appealed, 1 R. Doc. 260, and this court denied his request for a COA and dismissed his appeal, Battle, 133 Fed. App'x at 549.

Finally, Mr. Battle filed a motion to modify an imposed term of imprisonment on November 3, 2008, pursuant to 18 U.S.C. § 3582(c)(2) and a motion to vacate on December 29, 2008, citing Fed. R. Civ. P. 60(b).[2] 1 R. Docs.

---

[2] Mr. Battle also cites Fed. R. Crim. P. 12(b) and Fed. R. Civ. P. 12(b), neither of which are applicable here. See 1 R. Doc. 279.

278, 279; see also Aple. Br. 3.  In his motions, he argued that (1) Sentencing Guidelines Amendment 709 entitled him to a reduction in his sentence, and (2) Count 2 of his indictment was duplicitous, the district court erred in imposing a life sentence, and the district court should correct the error pursuant to Fed. R. Civ. P. 60(b).  1 R. Docs. 278, 279.  The district court denied the motions and did not decide whether the motion to vacate constituted a "true" Rule 60(b) motion or a successive habeas petition.  1 R. Doc. 280.  Mr. Battle now appeals the denial of his motions.

In its order, the district court first denied Mr. Battle's 18 U.S.C. § 3582(c)(2) motion to modify an imposed term of imprisonment.  1 R. Doc. 280. With regard to this portion of the order, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.  Section 3582(c)(2) indicates that "[t]he court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(2) (emphasis added).  In his motion, Mr. Battle argued that Amendment 709 entitled him to a sentence reduction.  1 R. Doc. 278.  Because, as the district court recognized, Amendment 709 is not retroactive, the court correctly denied Mr. Battle's motion to modify an imposed term of imprisonment.  See United States v. Peters, 524 F.3d 905, 907 (10th Cir. 2008); see also U.S.S.G. § 1B1.10(c).

Next, the district court addressed Mr. Battle's December 29, 2008, motion to vacate filed pursuant to Rule 60(b). We have previously set forth the substantive rules governing appeals from Rule 60(b) motions arising out of the denial of habeas petitions. See Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006). In deciding such motions, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." Id. at 1215. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). We consider a motion to be a "true" 60(b) motion if it "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding," provided that it does not lead to "a merits-based attack on the disposition of a prior habeas petition." Spitznas, 464 F.3d at 1215-16. However, under Gonzalez, we consider a 60(b) motion to be a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1215.

Although Mr. Battle characterized his motion as a Rule 60(b) motion, in fact it is properly classified as a second or successive § 2255 habeas petition. Pursuant to 28 U.S.C. § 2255(h), a petitioner must receive certification by this

- 4 -

court before presenting a successive habeas petition in the district court. See In re Cline, 531 F.3d 1249, 1251-52 (10th Cir. 2008). Without such certification, the district court lacks jurisdiction over the motion. United States v. Nelson, 465 F.3d 1145, 1148-49 (10th Cir. 2006). Thus, because Mr. Battle failed to obtain certification, we must vacate the district court's order inasmuch as it relies on Rule 60(b) and treat that portion of Mr. Battle's appeal as "an implied application to this court for leave to file a second § 2255 motion." Id. at 1149. Our review of the record indicates that Mr. Battle is not entitled to a second or successive petition under § 2255 because his appeal is not based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral appeal by the Supreme Court. Accordingly, we deny leave to file a second or successive habeas petition.

In sum, we AFFIRM the district court's order with respect to Mr. Battle's 18 U.S.C. § 3582(c)(2) claim, VACATE that portion of the district court's order that relies on Rule 60(b), construe that part of Mr. Battle's appeal as an application to file a second or successive § 2255 petition, DENY the request, and DISMISS that part of the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge