FILED
United States Court of Appeals
Tenth Circuit

September 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ABELEE BRONSON,

Defendant - Appellant.

No. 09-3152

(D. Kansas)

(D.C. No. 2:88-CR-20075-1-JWL)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Abelee Bronson was convicted in the district of

Kansas of armed bank robbery and was sentenced to 262 months' imprisonment,

to run consecutively to a 262-month sentence he received in the western district

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of Missouri for a prior armed bank robbery. In reliance on Amendment 709 to the career offender provisions of the United States Sentencing Commission, Guidelines Manual ("USSG"), which took effect on November 1, 2007, long after Mr. Bronson's sentencing proceeding, Mr. Bronson moved pursuant to 18 U.S.C. § 3582(c)(2) to modify his sentence for the Kansas robbery. In particular, Mr. Bronson sought to have the two armed robbery convictions counted as one for the purpose of determining whether he is a career offender, which would, he claims, have the practical effect of having his sentences run concurrently, rather than consecutively.[1]

The district court denied Mr. Bronson's motion, on the ground that Amendment 709 was not retroactive and did not provide Mr. Bronson any relief. This appeal followed, in which we affirm the district court.

---

[1]As the commentary concerning Amendment 709 makes clear, the amendment "simplifies the rules for counting multiple prior sentences. . . . Under the amendment, the initial inquiry will be whether the prior sentences were for offenses that were separated by an intervening arrest. . . . If so, they are to be considered separate sentences, counted separately, and no further inquiry is required." USSG, Supp. to App. C, Amend. 709 at 238. Mr. Bronson argues that both robberies should be counted as one for the purpose of determining whether he is a career offender because there was no intervening arrest between the two. We need not address this issue, as we explain, *infra*, that Amendment 709 does not apply retroactively to Mr. Bronson's sentence.

# BACKGROUND

As indicated, Mr. Bronson relies on Amendment 709 to the Sentencing Guidelines to argue that his 262-month sentences should have been imposed concurrently, rather than consecutively. He actually filed three motions: a motion under 18 U.S.C. § 3582(c)(2) to modify his sentence, which the district court denied; a motion to reconsider that denial, which the district court also denied; and an amended motion to reconsider. The district court denied this last motion as well. All of Mr. Bronson's motions were premised upon Amendment 709 to the Guidelines.

Amendment 709 modified USSG §§ 4A1.1 and 4A1.2 of the Guidelines to change the way certain prior convictions affect a defendant's criminal history category. The district court denied Mr. Bronson relief, on the ground that Amendment 709 does not apply retroactively and therefore may not support a § 3582 reduction in sentence.

# DISCUSSION

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." United States v. Smartt, 129 F.3d 539, 540 10th Cir. 1997) (further quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18

-3-

U.S.C. § 3582(c)(2)." United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008).

Section 3582(c)(2) states that "[t]he court may not modify a term of imprisonment once it has been imposed except . . . in  the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  18 U.S.C. § 3582(c)(2).  That section further states that a court may only reduce a term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id.

Pursuant to the Sentencing Commission's policy statement on retroactive reduction of sentences:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), and any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG § 1B1.10(a)(1) (emphasis added).  Subsection (c) does not list Amendment 709 among the covered, retroactive amendments.  See United States v. Peters, 524 F.3d 905, 907 (8th Cir.) ("Amendment 709 . . . is not a covered amendment under § 1B1.10 to which retroactive treatment may be given."), cert. denied, 129 S. Ct. 290 (2008).  Accordingly, the district court did not abuse its discretion in denying Mr. Bronson's § 3582 motion to reduce his sentence.

Finally, Mr. Bronson argues that the district court erred in not applying Amendment 709 retroactively because the court has the authority, based on the principles underlying <u>United States v. Booker</u>, 543 U.S. 220 (2005), "to modify [his] sentence despite the Sentencing Commission's failure to specifically designate Amendment 709 for retroactive application." Appellant's Br. at 4. We have rejected this argument. "<u>Booker</u> simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." <u>United States v. Rhodes</u>, 549 F.3d 833, 840 (10th Cir. 2008), <u>cert. denied</u>, 129 S. Ct. 2052 (2009).

## CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED. The sentence is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge