FILED
United States Court of Appeals
Tenth Circuit

October 20, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LAWRENCE RINGER,

Defendant-Appellant.

No. 09-5019
(D.C. No. 4:99-CR-00078-CVE-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Judge, **BRORBY**, Senior Circuit Judge, and **HARTZ**, Circuit Judge.

---

Lawrence Ringer, a federal prisoner appearing pro se, appeals from the district court's Opinion and Order dismissing in part and denying in part his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows the court to reduce a criminal sentence when the sentencing

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

range under which the prisoner was sentenced was subsequently lowered by the United States Sentencing Commission under the authority of 28 U.S.C. § 994(o).

Mr. Ringer was convicted on two counts of bank robbery and one count of possessing a firearm during commission of a felony. He was sentenced to concurrent prison terms of 120 months' imprisonment on each of the first two counts, and a consecutive term of 84 months on the third count, for a total of 204 months. His motion under § 3582(c)(2) argued that he was entitled to a sentence reduction based on Amendments 394, 591, 599, and 709 to the United States Sentencing Guidelines (USSG). He also sought relief for alleged violations of his right to effective assistance of counsel and his right to a jury trial on factual issues that could increase his sentence.

The district court, as do we, liberally construed Mr. Ringer's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). It held that Amendments 394 and 591 had no application to the guidelines provisions relied upon for his sentence, and that Amendment 709 is not retroactive. As for Amendment 599, the court held that it had discretion under 18 U.S.C. § 3582(c)(2) to reduce Mr. Ringer's sentence but that it would not exercise that discretion because of his criminal history, including an extensive misconduct record in prison. In addition, the district court dismissed Mr. Ringer's other claims for lack of jurisdiction because they were not proper claims under § 3582(c). Although they could be construed as claims for habeas

relief under 28 U.S.C. § 2255, Mr. Ringer had already pursued one § 2255 motion and the district court could not proceed to hear a second or successive § 2255 motion without authorization from this court. The district court then ruled that it was not in the interests of justice to transfer the habeas claims to this court for consideration as a second or successive § 2255 motion.

Mr. Ringer's first claim in this court is that the district court erred in not reducing his sentence under Amendment 599. "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582 (c)(2)." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). "Under the abuse of discretion standard we will not reverse a district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996) (internal quotation marks omitted). We discern no abuse of discretion. Under § 3582(c)(2) the district court is to consider "the factors set forth in section 3553(a)" in determining whether to reduce the movant's term of imprisonment. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant[,]" as well as "the need for the sentence imposed . . . to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a)(1) and (a)(2)(C). In reaching its decision, the district court noted that Mr. Ringer's record of prison misconduct included "two assaults, five

occurrences of possessing a controlled substance, possession of a dangerous weapon, two episodes of setting fires, and two misconducts for fighting." R., Vol. 1, Doc. 127, at 9. Although Mr. Ringer contends that the incidents regarding drugs were attempts to self-medicate his mental illness and that the remaining incidents should be disregarded because they occurred while he was off his medications, he points to nothing in the record that supports these factual assertions. Accordingly, we affirm the district court's denial of relief under § 3582(c)(2).

Mr. Ringer's second argument based on guidelines amendments is that the district court erred in ruling that Amendment 709 is not retroactive. He acknowledges that Amendment 709 is not in the list of retroactive amendments set forth in USSG § 1B1.10(c). He contends, however, that its absence from the list is immaterial because Amendment 709 is a "clarifying" amendment. But even if it were a clarifying amendment, a proposition that we doubt, *see United States v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir.), *cert. denied*, 129 S. Ct. 427 (2008); *United States v. Godin*, 522 F.3d 133, 135 & n.3 (1st Cir. 2008) (per curiam), we have observed that

> [t]he question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).

*United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). Thus, the

district court did not err in refusing to reduce Mr. Ringer's sentence under

Amendment 709.

The remainder of Mr. Ringer's claims seek habeas relief. We will treat his

appeal from the district court's rulings on these claims as a request to this court to

approve the claims as a second or successive motion under § 2255. *See United

States v. Nelson*, 465 F.3d 1145, 1148–49 (10th Cir. 2006).[1] We may certify a

second or successive § 2255 motion only if the movant shows the existence of

either

> (1) newly discovered evidence that, if proven in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have found the movant
> guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Here, Mr. Ringer does not point to any newly discovered

evidence with respect to any of his claims. And he relies on no "new" rules of

constitutional law; the three Supreme Court decisions that he cites in his

discussion of his issues all predated his first § 2255 motion, which was filed in

2002, *see Castillo v. United States*, 530 U.S. 120 (2000); *Simpson v. United

---

[1]    Because he has already filed one motion under § 2255, there is no potential
for prejudice in characterizing Mr. Ringer's appeal as a second or successive
§ 2255 motion. *See Nelson*, 465 F.3d at 1149 ("If the prisoner has filed [one
§ 2255 motion], any future motion will be subject to the same constraints whether
it is a second § 2255 motion or a third.").

*States*, 435 U.S. 6 (1978); *Blockburger v. United States*, 284 U.S. 299 (1932). We therefore must decline to certify his claims as proper second or successive claims.

To the extent that Mr. Ringer's appellate briefs attack the district court's Opinion and Order on his 18 U.S.C. § 3582(c)(2) motion, the Opinion and Order is AFFIRMED. To the extent that he is seeking permission to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, permission is DENIED.

Entered for the Court

Harris L Hartz
Circuit Judge