FILED
United States Court of Appeals
Tenth Circuit

December 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALPHIE PHILLIP MCKINNEY,

Defendant - Appellant.

No. 09-5111

(N.D. Oklahoma)

(D.C. No. 4:08-CR-00017-TCK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **SEYMOUR**, Circuit Judges.

---

Alphie Phillip McKinney, a federal prisoner appearing pro se, appeals from

the district court's dismissal of his motion for reduction of sentence under

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),
> upon motion of the defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may reduce the term of

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In seeking a reduction in his sentence, Mr. McKinney relied on Amendments 599 and 709 to the United States Sentencing Guidelines (USSG). We affirm the dismissal because Amendment 599 predated his sentence and Amendment 709 is not retroactive.

Mr. McKinney was indicted on January 9, 2008, on one count of possessing, on or about October 31, 2007, a firearm and ammunition after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 15, 2008, he pleaded guilty to the charge. He was sentenced in October 2008 to 48 months' imprisonment based on an offense level of 21 and a criminal-history category of III. On July 13, 2009, he filed his motion under § 3582(c)(2), contending that he was entitled to a sentence reduction. The district court dismissed for lack of jurisdiction. On appeal Mr. McKinney challenges this dismissal and also argues that his sentence was unlawful under *United States v. Booker*, 543 U.S. 220 (2005).

We review de novo a district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2). *See United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). Mr. McKinney's first claim is that the district

court erred in not reducing his sentence under Amendment 599. But Amendment 599 became effective in 2000, *see* U.S. Sentencing Guidelines Manual app. C, Vol. II at 71, long before Mr. McKinney was sentenced. Therefore, he cannot obtain relief. *See* 18 U.S.C. § 3582(c)(2) (a court may reduce a sentence if it was based on a "sentencing range that has *subsequently* been lowered" (emphasis added)).

Mr. McKinney's second argument is that the district court erred in ruling that Amendment 709 is not retroactive. Amendment 709 is not, however, in the list of retroactive amendments set forth in USSG § 1B1.10(c). It therefore cannot be considered the basis for a sentence reduction under § 3582(c)(2). *See* USSG § 1B1.10(a)(2)(A).

As for Mr. McKinney's *Booker* claim, we decline to address it because he did not raise it in district court. *See King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002) (As a general rule, "this court will not consider an issue on appeal that was not raised below.")

We AFFIRM the district court's dismissal of Mr. McKinney's motion.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge