FILED
United States Court of Appeals
Tenth Circuit

January 26, 2010

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON WAYNE WALLER,

Defendant-Appellant.

No. 09-6118
(D.C. No. 5:05-CR-00067-M-2)
(W. Dist. Okla.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

Jason Wayne Waller, a federal prisoner appearing *pro se*, appeals from the district court's dismissal of his motion to modify his term of imprisonment, pursuant to U.S.S.G. § 1B1.11(b)(2), on the basis of lack of jurisdiction. We agree with the district court's determination that it did not have authority to review Mr. Waller's motion and we therefore affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

In 2006, Mr. Waller pleaded guilty to possessing a stolen firearm in violation of 18 U.S.C. § 922(j), and aiding and abetting in violation of 18 U.S.C. § 2(a). The district court determined his total offense level to be 25 and his criminal history category to be IV. The court imposed a sentence of 84 months, at the low end of the applicable Guideline range of 84-105 months.

On May 14, 2008, Mr. Waller filed a Motion to Modify Term of Imprisonment, pursuant to U.S.S.G. § 1B1.11(b)(2) and § 4A1.2(a)(2), asserting an entitlement to a sentencing reduction under Amendment 709 to the Sentencing Guidelines. Amendment 709 instructs sentencing courts, when computing a defendant's criminal history score, to treat as a single sentence all prior sentences that were imposed on the same occasion, unless the underlying crimes were separated by an intervening arrest. *See* U.S.S.G. supp. to app. C, 235-41 (2007) (Amendment 709).

The district court denied the motion, citing Mr. Waller's "fail[ure] to offer a jurisdictional basis for review, let alone the modification, of his term of imprisonment." Rec. vol. I, at 29-30. We construe Mr. Waller's *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Waller first claims that Amendment 709 is retroactively applicable to him, and that the district court therefore possessed jurisdiction to review his sentence under 18 U.S.C. § 3582(c)(2). Second, Mr. Waller claims that as a part of resentencing, the district

court may consider his post-conviction rehabilitation in its sentencing calculus. *See* Aplt. Br. at 2. Because we conclude that Amendment 709 is not retroactive and § 3582(c)(2) thus did not vest the district court with the authority to review Mr. Waller's sentence, we affirm the district court's denial of the motion and do not reach the second issue.

"We review *de novo* the district court's interpretation of a statute or the sentencing guidelines." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quotation marks and citation omitted). When a "motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c)." *Id.* (quotation marks, citation, and alteration omitted). Section 3582(c) allows the court to modify a sentence in only three limited circumstances: on motion of the Director of the Bureau of Prisons if special circumstances exist; if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or if the sentencing range is subsequently lowered by the Sentencing Commission. Mr. Waller's motion is premised on the last circumstance, a reduction of the sentencing range applicable to him.

Section 3582(c)(2) of U.S.C. Title 18 provides as follows:

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment,

after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

Pursuant to the Sentencing Commission's policy statement on retroactive reduction of sentences:

> In a case in which a defendant is serving a term of imprisonment, and the *guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2), and any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (emphasis added). The referenced subsection (c) states:

> Covered Amendments.–Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

Amendment 709 is not listed in § 1B1.10(c). Thus, it is not retroactive and the district court did not have authority to review Mr. Waller's sentence.

We **AFFIRM** the district court's dismissal of Mr. Waller's motion.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

-4-