FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL WAYNE THOMAS,

      Defendant - Appellant.

No. 09-6189

(D. W.D. Okla.)
(D.C. No. 05:04-CR-00082-R-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel concludes that oral

argument would not materially assist the determination of this appeal. *See* Fed. R. App.

P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral

argument.

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Michael Wayne Thomas appeals from the district court's denial of his pro se motion[1] to retroactively amend or modify his sentence pursuant to 18 U.S.C. § 3582(c)(2).  His motion also included other grounds for relief properly cognizable under 28 U.S.C. § 2255, which the district court noted would be untimely.  We affirm the district court's denial of his motion under § 3582 and deny his motion to proceed *in forma pauperis* (*ifp*) because he fails to raise a reasoned, nonfrivolous argument in support of his claims.

## I.     BACKGROUND

On September 24, 2004, following his guilty plea to two counts of transportation of a juvenile in interstate commerce for the purposes of prostitution[2] and one count of interstate transportation in the aid of racketeering,[3] Thomas was sentenced to 210 months imprisonment and four years of supervised release.  His sentence was imposed after the Supreme Court issued *Blakely v. Washington*, 542 U.S. 296 (2004), but before its pronouncement of *United States v. Booker*, 543 U.S. 220 (2005).  Thomas filed a direct appeal claiming the district court erred in enhancing his sentence under USSG §3B1.1 when it found Thomas was an organizer or leader of a criminal activity that was "otherwise extensive."  *United States v. Thomas*, 157 Fed. Appx. 72, 74 (10th Cir. 2005) (unpublished).  Applying harmless error review, we decided Thomas's sentencing

---

[1] Thomas's pro se status requires a liberal construction of his pleadings.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

[2] *See* 18 U.S.C. § 2423(a).

[3] *See* 18 U.S.C. § 1952(a)(3).

enhancement under mandatory guidelines violated his right to trial by jury but the error was harmless for two reasons. "First, the facts upon which the district court relied in enhancing Thomas's sentence under §3B1.1(a) were to a large extent uncontroverted." *Id.* at 74-75. Second, the district court's imposition of an alternative sentence in the event the guidelines were found unconstitutional demonstrated it "would have imposed the same sentence under a discretionary sentencing regime." *Id.* at 75.

On August 17, 2009, Thomas filed a "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)."[4] (R. Vol. 1 at 29.) He alleged Amendment 709 of the guidelines should apply retroactively in light of *Booker* and *Kimbrough v. United States*, 552 U.S. 85 (2007), and, therefore, his sentence should be reduced to time served. He also claimed: (1) his sentence violated *Booker* for various reasons; (2) the government violated the Double Jeopardy Clause; (3) the district court erroneously sentenced him to the statutory maximum and improperly imposed consecutive sentences; and (4) the district court failed to allow him to address the court or determine if he had discussed the presentence report with his counsel. According to the government, Thomas's arguments

---

[4] Section 3582(c)(2) provides in pertinent part:

The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

were foreclosed by the waiver provision in his plea agreement.

The district court did not reach the government's argument but denied Thomas's motion because Amendment 709 was prospective only, not retroactive as Thomas claimed. To the extent the remainder of his claims were cognizable, the court concluded they must be brought under 28 U.S.C. § 2255. S*ee United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008) (holding *Booker* applies only to original sentencing proceedings), *cert. denied*, 29 S. Ct. 2052 (2009). It also noted the claims would be time barred if brought under § 2255. *See* 28 U.S.C. § 2255(f)(1) (one year period of limitation from "the date on which the judgment of conviction becomes final").

## II.　　DISCUSSION

A.　　Amendment 709

Because the sole issue before the district court was whether to retroactively apply Amendment 709, we apply de novo review of the district court's interpretation of a statute or the sentencing guidelines. *United States v. Brown*, 556 F.3d 1108, 1111 (10th Cir.) (quotations omitted), *cert. denied*, 130 S. Ct. 219 (2009). "Amendment 709, effective November 1, 2007, modified §§4A 1.1 [Criminal History Category] and 4A 1.2 [Definition and Instructions for Computing Criminal History] to change the way certain prior convictions affect a defendant's criminal history calculation . . . ." *United States v. Hodge*, No. 09-6175, 2010 WL 549298, at *2 (10th Cir. Feb. 18, 2010) (unpublished).[5] It

---

[5] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Hodge* and other unpublished cases as we would an opinion from another circuit, persuasive because of the reasoned analysis.

"instructs sentencing courts, when computing a defendant's criminal history score, to treat as a single sentence all prior sentences that were imposed on the same occasion, unless the underlying crimes were separated by an intervening arrest." *United States v. Waller*, No. 09-6118, 2010 WL 286609, at *1 (10th Cir. Jan. 26, 2010) (unpublished). Thomas claims Amendment 709 should be applied retroactively. If so, he argues his criminal history points and, in turn, his sentence under the guidelines would be reduced. The district court's determination that Amendment 709 cannot be applied retroactively is well supported. *See United States v. Peters*, 524 F.3d 905, 907 (8th Cir.), *cert. denied*, 129 S. Ct. 290 (2008); *Hodge*, 2010 WL 549298, at *3 ("Amendment 709 . . . has no retroactive application to [petitioner's] 2005 sentence."); *Waller*, 2010 WL 286609, at * 2 (same); *United States v. McKinney*, No. 09-5111, 2009 WL 4269684, at *1 (10th Cir. Dec. 1, 2009) (unpublished) (same); *United States v. Ringer*, No. 09-5019, 2009 WL 3353091, at *2 (10th Cir. Oct. 20, 2009) (unpublished) (same); *United States v. Bronson*, 345 Fed. Appx. 363, 365 (10th Cir. 2009) (unpublished), *cert. denied*, 130 S. Ct. 1302 (2010) (same); *United States v. Battle*, 335 Fed. Appx. 748, 750 (10th Cir. 2009) (unpublished) (same).

B.    Remaining Issues

The district court correctly determined Thomas's remaining issues are properly the subject of a § 2255 motion.[6] To appeal from the denial of a § 2255 motion, Thomas is

---

[6] A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" must bring his challenge in

required to obtain a certificate of appealability (COA) as a jurisdictional prerequisite. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003). Thomas's appeal does not address the application of § 2255 raised by the district court nor does he seek a COA. He simply argues his sentence must be vacated because the victim was not a minor and includes one sentence incorporating his 18 U.S.C. § 3582(c)(2) motion filed in the district court.[7] Because the district court did not specifically construe the remainder of Thomas's arguments as a § 2255 motion, we assume it merely dismissed those claims without prejudice.[8] *See Brown*, 556 F.3d at 1111-12 ("When a motion for a sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18 U.S.C. § 3582(c).") (quotations omitted). Therefore, we need not reach the government's

---

a § 2255 motion. 28 U.S.C. § 2255.

[7] Thomas filed the same motion with this Court on December 8, 2009, which we deny for the same reason as the district court.

[8] However, apparently for Thomas's benefit, the district court noted that his § 2255 claims are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) and would be untimely. AEDPA establishes a one-year limitations period for federal prisoners seeking habeas relief. If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires. A petition for a writ of certiorari must be filed within ninety days after denial of a timely petition for rehearing. *United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004).

We affirmed Thomas's conviction on direct appeal on December 6, 2005. According to the record, he did not file a petition for a writ of certiorari with the United States Supreme Court. Therefore, the one-year limitation period began to run ninety days after we affirmed his conviction. Thomas's current motion was filed on December 9, 2009, over three years past the expiration of the limitation period.

argument these claims were waived by his plea agreement.

As a final matter, the district court denied Thomas's motion to proceed *ifp* on appeal finding his appeal was not taken in good faith. On December 1, 2009, Thomas renewed his motion to proceed *ifp* in this Court. To proceed *ifp* on appeal, Thomas "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Thomas has failed to make a nonfrivolous argument. In his brief on appeal, he argues his victim was not a minor but he does not acknowledge his admission, made when pleading guilty, that he twice transported a minor across state lines for the purpose of prostitution. He makes no attempt to address the propriety or timeliness of his § 2255 claims. Neither does he address the numerous cases rejecting his argument that Amendment 709 may be retroactively applied. We deny his request to proceed *ifp*.

## III.   CONCLUSION

We **AFFIRM** the dismissal of Thomas's 18 U.S.C. § 3582(c)(2) motion and **DENY** his "Motion for Modification of Sentence." We also **DENY** his motion to proceed *ifp* and he "is reminded that the dismissal of his appeal does not relieve him of the responsibility to pay the appellate filing fee in full." *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered by the Court:

Terrence L. O'Brien
United States Circuit Judge