**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN J. GIESWEIN,

    Defendant - Appellant.

No. 22-6014
(D.C. No. 5:07-CR-00120-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Shawn J. Gieswein, who is serving a twenty-year sentence, filed a pleading

styled as an 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district

court denied the motion, finding Mr. Gieswein failed to exhaust his administrative

remedies before seeking § 3582(c)(1)(A) relief. Mr. Gieswein, appearing pro se,[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Gieswein appears *pro se*, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

appeals. He also moves to proceed in forma pauperis. Concluding the district court did not clearly err in making its finding on exhaustion and that any error was harmless where the arguments Mr. Gieswein advance fall within the purview of 28 U.S.C. § 2255 not 18 U.S.C. § 3582(c)(1)(A), we affirm the district court's order. We also deny Mr. Gieswein's motion to proceed in forma pauperis because the arguments he advances on appeal are frivolous and his motion and appeal amount to an abuse of the judicial process.

## I.    BACKGROUND

In 2007, a jury convicted Mr. Gieswein on charges of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and witness tampering. The district court sentenced Mr. Gieswein to 240 months' imprisonment on the firearm conviction and 120 months' imprisonment on the witness tampering conviction, with the sentences running concurrently. This sentence partially reflected a sentencing enhancement under the Armed Career Criminal Act ("ACCA") based on three Oklahoma convictions then-deemed violent felonies. *United States v. Gieswein* (*Gieswein I*), 887 F.3d 1054, 1056 (10th Cir. 2018). Following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 578 U.S. 120 (2016), Mr. Gieswein obtained resentencing without application of the ACCA enhancement. *See Gieswein I*, 887 F.3d at 1056. This resulted in a lower U.S. Sentencing Commission Guidelines range, *see id.* at 1056–58, and a lower statutory maximum sentence, *compare* 18 U.S.C. § 924(a)(2) (2006) (setting ten-year statutory

maximum without ACCA enhancement), *with*, 18 U.S.C. § 924(e)(1) (setting fifteen-year minimum and maximum sentence of life with ACCA enhancement).

At resentencing, the district court imposed a 120-month sentence on the firearm conviction and reimposed the 120-month sentence on the witness tampering conviction. However, the district court decided to run the sentences consecutively rather than concurrently. In support of this choice, the district court observed Mr. Gieswein was facing an assault charge for an incident in prison, described him as "a menace to society," and expressed the belief that consecutive sentences were necessary "to 'give sufficient effect to the depth and the breadth and the persistence and the depravity and the harmfulness of [Mr. Gieswein's] criminal conduct.'" *Gieswein I*, 887 F.3d at 1058 (quoting sentencing hearing transcript). Mr. Gieswein appealed, challenging the procedural and substantive reasonableness of his sentence. *Id.* at 1058–64. We affirmed the sentence imposed by the district court. *Id.* at 1064.

Subsequent to our affirmance, Mr. Gieswein filed a bevy of pleadings, actions, and appeals as part of an effort to challenge his sentence. *See e.g., United States v. Gieswein* (*Gieswein IV*), No. 21-6056, 2021 WL 4852420 (10th Cir. Oct. 19, 2021) (unpublished); *United States v. Gieswein* (*Gieswein III*), 832 F. App'x 576 (10th Cir. 2021) (unpublished); *United States v. Gieswein*, 765 F. App'x 418 (*Gieswein II*) (10th Cir. 2019) (unpublished); *Gieswein v. Warden Geter/FCI Texarkana*, No. 5:19-CV-00078-RWS, 2021 WL 917187 (E.D. Tex. Mar. 10, 2021); *see also Gieswein v. True*, No. 18-cv-619-DRH, 2018 WL 2020540 (S.D. Ill. May 1, 2018). In the proceeding underlying this appeal, Mr. Gieswein filed a pleading styled as an 18

U.S.C. § 3582(c)(1)(A) motion for compassionate release. In his motion,

Mr. Gieswein argued he was "serving an illegal sentence" because the district court

was required to impose concurrent sentences rather than consecutive sentences at

resentencing. ROA at 54. The motion also made a passing reference to COVID-19

and Mr. Gieswein being "obese." *Id.* at 57. Mr. Gieswein attached to the motion an

"Inmate Request to Staff" form addressed to the warden of his institution of

incarceration, which requested compassionate release based on the illegality of his

sentence. The form, however, does not bear the signature of an institution staff

member or a date of receipt. The Government responded to the motion, arguing in

part that Mr. Gieswein never submitted the form to prison officials such that he had

not exhausted his administrative remedies before filing the motion.[2] The Government

supported this argument with an e-mail from a supervisory attorney who searched the

Federal Bureau of Prison's ("BOP") database and found no record of Mr. Gieswein

filing the form on or around the date Mr. Gieswein represented he had completed it.

The district court, noting the missing signature on the form and the

Government's evidence, found that Mr. Gieswein "failed to establish" that he

---

[2] A defendant may file a motion seeking a sentence modification under § 3582(a)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a mandatory claim-processing rule that the Government may invoke in response to a § 3582(c)(1)(A) motion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

submitted the form to the warden at his institution of incarceration and, thus, had not

exhausted his administrative remedies before seeking relief under § 3582(c)(1)(A).

*Id.* at 102. Accordingly, the district court dismissed the motion without prejudice.[3]

Mr. Gieswein appeals from this order dismissing his § 3582(c)(1)(A) motion.

Mr. Gieswein has also filed a motion on appeal to proceed in forma pauperis. The

Government renews its exhaustion argument through a response brief and, also,

renews its arguments in opposition to the merits of Mr. Gieswein's motion.

## II.    DISCUSSION

### A.    *18 U.S.C. § 3582(c)(1)(A) Motion*

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion

for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th

Cir. 2021). "A district court abuses its discretion when it relies on an incorrect

conclusion of law or a clearly erroneous finding of fact." *Id*. (quotation marks

omitted).

Prior to enactment of the First Step Act, only the Director of the BOP could

file a motion for compassionate release pursuant to § 3582(c)(1)(A). *See, e.g., United

States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (explaining petitioner not

eligible for compassionate release absent motion from BOP Director). The First Step

---

[3] A week after the district court issued its order, Mr. Gieswein filed a reply to the Government's response, in which he argued he "sent a copout to the [w]arden and waited the 30[-]day time period for a response." ROA at 104. But Mr. Gieswein did not provide any evidence, such as an affidavit from himself or a prison official who received the form, in support of his argument.

Act expanded the availability of compassionate release, allowing a defendant, after exhaustion of administrative remedies, to initiate a motion for compassionate release. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). As mentioned supra at n.2, a defendant satisfies the exhaustion requirement by (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) demonstrating that the warden of the defendant's institution of incarceration failed to act for a period of thirty days following receipt of the request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Under either means of exhaustion, a defendant must file a request with the warden of his institution of incarceration.

Here, the district court found that Mr. Gieswein failed to submit a request to his warden before filing his pleading styled as a § 3582(c)(1)(A) motion. And this finding was based on the unsigned nature of the Inmate Request to Staff form attached to Mr. Gieswein's motion and the Government's evidence that no record exists of Mr. Gieswein submitting the form to the warden of his institution of incarceration. Meanwhile, Mr. Gieswein has not presented any evidence through his reply before the district court or his appellate papers establishing that he submitted the Inmate Request to Staff form to prison officials. Accordingly, we are unable to conclude the district court made a clearly erroneous factual finding when it determined Mr. Gieswein had not submitted the form. And, from this, it follows that the district court did not abuse its discretion by dismissing Mr. Gieswein's motion without prejudice for failure to exhaust administrative remedies.

Even if, however, the district court erred and Mr. Gieswein exhausted his administrative remedies, the error would be harmless where Mr. Gieswein's pleading styled as a § 3582(c)(1)(A) motion is patently without merit. In his pleading, Mr. Gieswein primarily challenged the legality of his sentence. But § 3582(c)(1)(A) is not a substitute for 28 U.S.C. § 2255 as "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Furthermore, Mr. Gieswein lacked the ability to challenge the legality of his sentence directly in district court where, after resentencing, he had already pursued § 2255 relief and had not obtained authorization from this court to file a second or successive § 2255 motion. *See Gieswein II*, 765 F. App'x at 419; *see also* 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Accordingly, had the district court bypassed the exhaustion argument raised by the Government it would have needed to dismiss Mr. Gieswein's challenge to the legality of his sentence for want of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."). And, to the extent Mr. Gieswein mentioned COVID-19 in his pleading, he did so only in passing and without identifying sufficient factors making

7

him uniquely susceptible to COVID-19 so as to plausibly warrant any relief.

Therefore, any error in the district court's exhaustion analysis was entirely harmless.

### B.    Motion to Proceed In Forma Pauperis

Before us, Mr. Gieswein moves to proceed in forma pauperis. To proceed in

forma pauperis, "an appellant must show a financial inability to pay the required

filing fees and the existence of a reasoned, nonfrivolous argument on the law and

facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d

502, 505 (10th Cir. 1991); *see also United States v. Springer*, 820 F. App'x 788, 792

(10th Cir. 2020) (unpublished) (applying in forma pauperis standard from

*DeBardeleben* to appeal from denial of § 3582(c)(1)(A) relief); *United States v.*

*Thomas*, 371 F. App'x 892, 896 (10th Cir. 2010) (unpublished) (same). As evident by

our above discussion, Mr. Gieswein fails to advance a reasoned, nonfrivolous

argument on appeal. Rather, Mr. Gieswein's continued challenges to the legality of

his sentence, including his repeated efforts to misuse § 3582(c)(1)(A), *see Gieswein*

*III*, 832 F. App'x at 577 (Mr. Gieswein raising similar arguments in prior

§ 3582(c)(1)(A) motion where this court denied his motion to proceed in forma

pauperis on appeal), qualify him as a vexatious litigant who is abusing the judicial

process. Accordingly, we deny the motion to proceed in forma pauperis and

Mr. Gieswein shall be responsible for paying the full amount of the filing fee for his

appeal. To help ensure payment of the fee, we direct the Clerk to send a copy of this

order to the finance officer at Mr. Gieswein's institution of incarceration, and we

8

further direct that appropriate withdrawals be made from Mr. Gieswein's prisoner trust fund account to pay for the appellate filing fee.

### III.    CONCLUSION

We AFFIRM the district court's order dismissing Mr. Gieswein's pleading styled as a motion under 18 U.S.C. § 3582(c)(1)(A). We also DENY Mr. Gieswein's motion to proceed in forma pauperis.

Entered for the Court

Carolyn B. McHugh
Circuit Judge