**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LARRY EUGENE HODGE,

      Defendant - Appellant.

No. 09-6062
(D.C. No. 05-CR-00160-R-2)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **SILER**[**], and **TYMKOVICH,** Circuit Judges.[***]

Defendant-Appellant Larry Eugene Hodge appeals from the denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court

determined that although amendments to the United States Sentencing Guidelines

(U.S.S.G.) lowered certain base offense levels for crack cocaine offenses, Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument

Hodge was not eligible for resentencing because he was sentenced as a career offender. 1 R. Doc. 82. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Background

On November 2, 2005, Mr. Hodge pled guilty to knowingly and intentionally distributing approximately 23.2 grams of a mixture or substance containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. § 841 (a)(1). 1 R. Doc. 46-47. Mr. Hodge was considered accountable for 74.9 grams of cocaine base, resulting in a base offense level of 32, pursuant to U.S.S.G. § 2D1.1. 2 R. at ¶ 15. However, because Mr. Hodge had at least two prior felony drug convictions, he qualified as a career offender under U.S.S.G. § 4B1.1, which resulted instead in a higher base offense level of 34. 2 R. at ¶ 20, 53. After an adjustment for acceptance of responsibility, Mr. Hodge's total offense level was 31. 2 R. at ¶¶ 21, 22. When combined with a criminal history category of VI, mandated by U.S.S.G. § 4B1.1, Mr. Hodge's guideline range was 188-235 months. 2 R. at ¶ 53. The district court sentenced Mr. Hodge to 188 months of imprisonment, the low end of the guidelines range, followed by four years' supervised release. 1 R. Doc. 61 at 2-3.

Subsequently, the United States Sentencing Commission reduced the offense level applicable to most crack cocaine offenses by two levels. See U.S.

Sentencing Guidelines Manual app. C, amend. 706 (Supp. May 1, 2008) (revising crack cocaine guidelines); U.S. Sentencing Guidelines Manual app. C, amend. 713 (Supp. May 1, 2008) (making Amendment 706 retroactive). Mr. Hodge then moved for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2). 1 R. Doc. 76. The district court denied relief, 1 R. Doc. 82, and Mr. Hodge appeals, 1 R. Doc. 83.

Mr. Hodge argues that although he was sentenced as a career offender, his sentence should be reduced under § 3582(c)(2) based on retroactive application of the crack cocaine amendments. Aplt. Br. at 7. Also, he contends that under Booker and later cases, the district court must treat the Guidelines as advisory upon resentencing under § 3582(c)(2). Aplt. Br. at 10.

We review de novo the district court's interpretation of a statute or the sentencing guidelines. We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008) (citation and quotation marks omitted). Because this case is not a direct appeal or an appeal from the denial of § 2255 relief, Mr. Hodge's motion for reduction of sentence depends only on § 3582(c)(2). See Sharkey, 543 F.3d at 1238. Section 3582(c)(2) permits a court to reduce a sentence if the sentencing range has been lowered by the Sentencing Commission.

Mr. Hodge's sentence, however, is not based on a sentencing range that has

been lowered. As we held in Sharkey, "Amendment 706 ha[s] no effect on the career offender guidelines in § 4B1.1" and therefore a reduction in sentence is not authorized under § 3582(c)(2). Sharkey, 543 F.3d at 1239. Furthermore, Sharkey rejected the argument that the Booker line of cases provides a separate basis for relief under § 3582(c)(2). Sharkey, 543 F.3d at 1239; see also United States v. Rhodes, 549 F.3d 833, 840 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009) (concluding "that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)").

Despite acknowledging Sharkey and Rhodes, Mr. Hodge urges us to revisit these cases. Aplt. Br. at 8-18. We, however, are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court. United States v. Mitchell, 518 F.3d 740, 752 n.14 (10th Cir. 2008).

Similarly, this court already found without merit the argument that the Sentencing Commission's policy statements are not binding because they represent an unconstitutional restriction on the jurisdiction of an Article III court. United States v. Dryden, 563 F.3d 1168, 1171 (10th Cir. 2009); Aplt. Br. at 10. The policy statements of § 1B1.10(a)(2) are "merely a paraphrase of Congress's own language" contained in 18 U.S.C. § 3582 limiting a sentence reduction to cases in which a defendant's sentencing range has been lowered by the Sentencing Commission. Id.

- 4 -

Because Mr. Hodge's status as a career offender determined his sentence, Amendment 706 did not lower his applicable guidelines range. The district court properly concluded that it lacked authority under § 3582(c)(2) to reduce Mr. Hodge's sentence.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge