FILED
United States Court of Appeals
Tenth Circuit

February 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LARRY HODGE,

    Defendant-Appellant.

No. 09-6175
(D.Ct. No. 5:05-CR-00160-R-2)
(W.D. Okla.)

————————————————

**ORDER AND JUDGMENT***

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Larry Eugene Hodge, a federal inmate appearing *pro se* and a career offender, appeals the district court's denial of his motion brought

---

\* This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 18 U.S.C. § 3582(c)(2) for the purpose of modifying his sentence based on Amendment 709 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. Factual and Procedural Background

On November 2, 2005, Mr. Hodge pled guilty to knowingly and intentionally distributing 23.2 grams of a mixture or substance containing a detectable amount of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See United States v. Hodge*, 2009 WL 4071832, at *1 (10th Cir. Nov. 25, 2009) (unpublished op.). After Mr. Hodge pled guilty, a federal probation officer prepared a presentence report in conjunction with the 2005 Guidelines to determine his recommended sentence. Based on Mr. Hodge's criminal activity involving distribution of 74.9 grams of crack, the probation officer applied U.S.S.G. § 2D1.1(c)(4), for a base offense level of thirty-two. *See id.* However, because Mr. Hodge possessed at least two prior felony drug convictions, he qualified as a career offender under U.S.S.G. § 4B1.1, resulting in a higher base offense level of thirty-four. *See id.* After applying a three-level decrease to the career offender offense level for acceptance of responsibility, the probation officer calculated Mr. Hodge's total offense level at thirty-one. *See id.* Because Mr. Hodge qualified as a career offender under U.S.S.G. § 4B1.1(b), his career

offender criminal history category was VI, which, together with his total offense level of thirty-one, resulted in a Guidelines range of 188 to 235 months imprisonment. *See id.* On March 8, 2006, the district court sentenced Mr. Hodge at the bottom of the sentencing range to 188 months imprisonment. *See id.* Mr. Hodge did not appeal his conviction or sentence, including application of the career offender guidelines.

On May 6, 2008, the district court appointed Mr. Hodge counsel for the purpose of filing a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine offenses, effective November 1, 2007, and retroactive as of March 3, 2008.[1] Mr. Hodge then moved for modification of his sentence, which the district court denied and this court affirmed. *See id.* at **1-2. In affirming the district court's denial of Mr. Hodge's § 3582(c)(2) motion, we determined Amendment 706 did not affect sentences, like his, based on the career offender guidelines in § 4B1.1, and that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), did not apply to sentencing modification proceedings. *See id.* at *2.

---

[1] *See* U.S.S.G. Supp. to App. C, Amend. 706 (Reason for Amend.); Amends. 712 and 713 (Mar. 3, 2008 Supp.); U.S.S.G. § 1B1.10(a)(2) (Nov. 1, 2008).

On August 17, 2009, while Mr. Hodge's aforementioned appeal was pending before this court, he filed the instant *pro se* motion for modification of his sentence under § 3582(c)(2), basing it primarily on *Booker* and Amendment 709 to the Guidelines. Amendment 709, which became effective November 1, 2007, modified §§ 4A1.1 and 4A1.2 regarding criminal history calculation and "the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score."[2] U.S.S.G., Supp. to App. C, Amend. 709 at 238. Mr. Hodge also raised various other arguments, collaterally attacking his sentence. The district court denied his motion, holding Amendment 709 was inapplicable to his case because § 1B1.10(c) did not list Amendment 709 as having retroactive application for the purpose of reducing his 2005 sentence. It also rejected Mr. Hodge's *Booker* argument and noted his remaining arguments collaterally attacking his sentence would best be addressed in a motion under 28 U.S.C. § 2255.

---

[2] The commentary to Amendment 709 states that it "simplifies the rules for counting multiple prior sentences .... Under the amendment, the initial inquiry will be whether the prior sentences were for offenses that were separated by an intervening arrest .... If so, they are to be considered separate sentences, counted separately, and no further inquiry is required." U.S.S.G., Supp. to App. C, Amend. 709 at 238. Based on our holding, addressed hereafter, that Amendment 709 does not apply retroactively to Mr. Hodge, we need not determine if it is otherwise applicable to computation of Mr. Hodge's criminal history score. We note, however, Mr. Hodge's two prior convictions, used in determining his career offender status, occurred on April 10, 1997, and March 31, 2001, and were separated by an intervening arrest. As a result, it is doubtful whether either his criminal history score or his status as a career offender are affected by the amendment.

## II.  Discussion

Mr. Hodge now appeals the district court's denial of his *pro se* motion based on Amendment 709 as well as *Booker* and its progeny.  The government opposes Mr. Hodge's appeal and further points out that on September 15, 2009, prior to filing his brief in the instant appeal, Mr. Hodge filed a third § 3582(c) motion in the district court almost identical to the one filed in the instant case.  On November 13, 2009, the district court denied Mr. Hodge's third § 3582(c) motion, from which Mr. Hodge has filed a notice of appeal, and briefing is pending.  For the purpose of judicial economy, we proceed to the instant appeal.

"'We review de novo the district court's interpretation of a statute or the sentencing guidelines.'"  *United States v. Brown*, 556 F.3d 1108, 1111 (10th Cir.) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997)), *cert. denied*, 130 S. Ct. 219 (2009).  "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)."  *Id.* (relying on *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)).  "When a 'motion for a sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of the motion depends entirely on 18 U.S.C. § 3582(c).'"  *Id.* at 1111-12 (quoting *Smartt*, 129 F.3d at 540).

The relevant part of § 3582, on which Mr. Hodge relies in bringing his

action, states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on *a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. [§] 994(o), ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).  The Sentencing Commission's policy regarding retroactive application states:

> In a case in which a defendant is serving a term of imprisonment, *and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below*, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1) (emphasis added).  Subsection (c), referenced above, does not list Amendment 709 as one of the retroactive amendments, so that a sentence reduction based on that amendment is inconsistent with the Commission's policy statement.  *See* U.S.S.G. § 1B1.10(c); *United States v. Peters*, 524 F.3d 905, 907 (8th Cir.), *cert denied*, 129 S. Ct. 290 (2008).  As a result, even though Amendment 709, effective November 1, 2007, modified §§ 4A1.1 and 4A1.2 to change the way certain prior convictions affect a defendant's criminal history calculation, it has no retroactive application to Mr. Hodge's 2005 sentence.  As to Mr. Hodge's *Booker*-type arguments, we have

unequivocally held the Supreme Court's holding in *Booker* has no bearing on sentencing modification proceedings brought pursuant to § 3582(c)(2).  *See United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009).  We and the district court are bound by such precedent.  *See United States v. Dryden*, 563 F.3d 1168, 1171 n.1 (10th Cir.), *cert. denied*, 130 S. Ct. 311 (2009).  Accordingly, the district court did not abuse its discretion in failing to apply either Amendment 709 or the holding in *Booker* to Mr. Hodge's sentence for the purpose of denying his § 3582(c)(2) motion for a reduction in his sentence.

## III.  Conclusion

We **AFFIRM** the district court's order denying Mr. Hodge's appeal filed pursuant to 18 U.S.C. § 3582(c)(2).  We also **DENY** the government's motion to dismiss the appeal on timeliness grounds.[3]  We caution Mr. Hodge that we may

---

[3]  The district court issued its order denying the instant motion on August 19, 2009, and Mr. Hodge filed his notice of appeal on September 2, 2009.  In its appeal brief, the government asks us to dismiss the appeal on timeliness grounds, arguing we lack jurisdiction to consider it, given Mr. Hodge's notice of appeal "was at least four days out of time."  We consider the government's argument as a motion to dismiss the appeal and deny it.  Under the 2009 version of the Federal Rules of Appellate Procedure, which applies in the instant appeal, we compute any period of time specified in the Rules to "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days."  Fed. R. App. P. 26(a)(2) (2009).  In this case, Mr. Hodge timely filed his appeal on September 2, 2009, which is within ten days of the district court's order, excluding intermediate Saturdays and Sundays.

order him to show cause why any pending or future appeals to modify his sentence under 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 709 or the holding in *Booker* should not be summarily dismissed on the same grounds as addressed in this appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge