**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LARRY EUGENE HODGE,

      Defendant - Appellant.

No. 13-6042

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 05-CR-00160-R-2)**

---

Submitted on the briefs:[*]

Sanford C. Coats, United States Attorney, (Debra W. Paull and Leslie M. Maye, Assistant U.S. Attorneys, on the brief), Oklahoma City, Oklahoma, for Plaintiff - Appellee.

William P. Earley, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant - Appellant.

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G).  The cause therefore is ordered submitted without oral argument.

**KELLY**, Circuit Judge.

Defendant-Appellant Larry Eugene Hodge appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). United States v. Hodge, No. CR-05-160-R-2, Doc. 116 (W.D. Okla. Feb. 13, 2013). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## Background

In 2005, Mr. Hodge pleaded guilty to knowingly and intentionally distributing approximately 23.2 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Supp. R. 20–43. Because Mr. Hodge had multiple prior felony convictions, he qualified as a career offender under U.S.S.G. § 4B1.1, resulting in a base level offense of 34. PSR at ¶ 20. Due to a three-level adjustment for acceptance of responsibility and a criminal history category of VI, Mr. Hodge's guideline range was 188 to 235 months. Id. at ¶¶ 21, 53. The district court sentenced him to 188 months' imprisonment and four years' supervised release. Supp. R. 43–48.

In 2009, Mr. Hodge filed three different motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 709 to the Sentencing Guidelines. See id. at 49–62, 73–101, 105–20. Amendment 706 reduced offense levels applicable to crack cocaine offenses by two. U.S.S.G.

App. C, Amend. 706 (Nov. 1, 2007). Amendment 709 modified U.S.S.G. §§ 4A1.1 and 4A1.2 regarding determination of criminal history scores. U.S.S.G. Supp. to App. C, Amend. 709 (Nov. 1, 2007).

His first motion, based on Amendment 706, was denied because he had been sentenced as a career offender under § 4B1.1 and his guideline level was not affected by the amendment. Supp. R. 72. This court affirmed. United States v. Hodge, 354 F. App'x 306, 308 (10th Cir. 2009). His second motion, based on Amendment 709, was denied because the Sentencing Commission had not made it retroactive. Supp. R. 102–04. Again, this court affirmed. United States v. Hodge, 365 F. App'x 962, 965–66 (10th Cir. 2010). Mr. Hodge's third motion raised similar arguments. It, too, was denied, and we dismissed his appeal for lack of prosecution. See Supp. R. 156; United States v. Hodge, No. 09-6276 (10th Cir. Mar. 15, 2010).

On November 28, 2011, Mr. Hodge filed the motion at issue here, seeking relief based on Amendment 750. Amendment 750 again reduced the offense levels applicable to crack cocaine offenses. See U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011). Mr. Hodge also argued that the Fair Sentencing Act (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), lowered the career offender guideline because it changed the statutory maximum for his offense from forty to twenty years, thus lowering the base offense level from 34 to 32. R. 14–15. The district court rejected both arguments and denied the motion. Id. at 30.

Specifically, it concluded that Mr. Hodge was ineligible for resentencing under Amendment 750 and that the FSA did not apply retroactively to individuals sentenced before it went into effect. Id.

## Discussion

Generally, we review the district court's decision to deny a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Osborn, 679 F.3d 1193, 1195 (10th Cir. 2012). However, we review de novo the district court's interpretation of a statute or the sentencing guidelines. United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008); United States v. Smartt, 129 F.3d 539, 540 (10th Cir. 1997). The district court may modify a defendant's term of imprisonment when he has been sentenced based on a range subsequently lowered by the Sentencing Commission and the reduction is otherwise consistent with policy statements in the guidelines. 18 U.S.C. § 3582(c)(2).

Mr. Hodge is not eligible for a reduction under Amendment 750 because he was sentenced under the career offender guideline rather than the crack cocaine guideline. Both Amendment 750 and Amendment 706 modified the Guidelines provisions pertaining to crack cocaine. It is well settled that a reduction in the offense level under Amendment 706 has no effect on an applicable career offender guideline range. United States v. Sharkey 543 F.3d 1236, 1239 (10th

Cir. 2008). In multiple unpublished cases this court has extended this holding to career offenders seeking relief under Amendment 750. See United States v. Caldwell, 499 F. App'x 760, 763 (10th Cir. 2012); United States v. Miller, 485 F. App'x 967, 969 (10th Cir. 2012); United States v. Wilkerson, 485 F. App'x 318, 322 (10th Cir. 2012). We find the reasoning in these cases persuasive. Although Mr. Hodge's underlying conviction is related to crack cocaine, he was sentenced under the career offender guideline, U.S.S.G. § 4B1.1(B). Amendment 750 affected none of his sentencing calculations, and therefore 18 U.S.C. § 3582(c)(2) does not authorize a reduction of his sentence. See U.S.S.G. App. C, Amend. 750. Accordingly, the district court properly denied the request for a reduction on this basis.

Mr. Hodge is also not eligible for a reduction under the FSA. As an initial matter, the FSA does not provide an independent basis for a sentence reduction; only the statutory exceptions in 18 U.S.C. § 3582 provide such grounds. United States v. Graham, 704 F.3d 1275, 1279 (10th Cir. 2013). In a § 3582 proceeding, the court applies the statutory penalties in effect at the time of the original sentencing. See United States v. Lucero, 713 F.3d 1024, 1027 (10th Cir. 2013). Mr. Hodge was sentenced in 2006. The FSA was not effective until 2010, and it is not retroactive. Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012); Osborn, 679 F.3d at 1194 n.1. Again, therefore, the district court properly denied the request for a reduction on this ground.

Finally, Mr. Hodge's due process arguments do not counsel otherwise. Specifically, he argues that the Sentencing Commission's policy preventing career offenders from benefitting from retroactive amendments to the crack cocaine guidelines violates due process. But § 3582(c)(2) proceedings are not constitutionally required and do not implicate a liberty interest. Dillon v. United States, 130 S. Ct. 2683, 2692 (2010); United States v. Johnson, 703 F.3d 464, 469–71 (8th Cir. 2013).

AFFIRMED.