**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 12-50150 |
| v. | D.C. No. 2:07-cr-00614-SJO-1 |
| DEON ANDRE CHARLES, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted
March 5, 2014—Pasadena, California

Filed April 15, 2014

Before: Ferdinand F. Fernandez, Susan P. Graber,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Fernandez

## SUMMARY[*]

### Criminal Law

Affirming the district court's denial of a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the panel held that retroactive Sentencing Guidelines Amendment 750 (Nov. 2011), which reduced the crack cocaine offense levels set forth in U.S.S.G. § 2D1.1, does not apply to or help defendants who were sentenced as career offenders pursuant to U.S.S.G. § 4B1.1.

Consistent with this court's prior holdings that the Fair Sentencing Act of 2010 does not express an intent that its ameliorative provisions apply retroactively to defendants who were sentenced before its effective date, the panel rejected the defendant's contention that the Act itself mandates a reduction in his sentence.

### COUNSEL

Jay A. Nelson (argued), Coleman & Balogh LLP, San Francisco, California; Benjamin L. Coleman, Coleman & Balogh LLP, San Diego, California, for Defendant-Appellant.

Jean-Claude Andre (argued), Assistant United States Attorney, Office of the United States Attorney, Los Angeles, California; André Birotte Jr., United States Attorney, Denise D. Willet, Assistant United States Attorney, Chief, Santa Ana

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Branch, Fred W. Slaughter, Assistant United States Attorney, Office of the United States Attorney, Santa Ana, California, for Plaintiff-Appellee.

**OPINION**

FERNANDEZ, Circuit Judge:

Deon Andre Charles, a federal prisoner serving a 204-month sentence, appeals the district court's denial of his motion for a reduction of sentence. *See* 18 U.S.C. § 3582(c)(2). He contends that he is eligible for a sentence reduction because of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, and United States Sentencing Guidelines ("Guidelines") Amendment 750.[1] We disagree and affirm.

BACKGROUND

On July 6, 2007, pursuant to a plea agreement, Charles entered a guilty plea to the crimes of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (count one) and possession with the intent to distribute at least 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (count two). His plea agreement stipulated a total offense level of 32, absent a determination that Charles was a career offender.

At sentencing the district court held that Charles was a career offender. *See* USSG § 4B1.1(a) (Nov. 2007) ("Career

---

[1] USSG App. C, amend. 750 (Nov. 2011) ("Amendment 750").

Offender Guideline"). As a result, it determined that Charles's base offense level under the Career Offender Guideline was 37, based on the statutory maximum sentence of life imprisonment under 21 U.S.C. § 841. After a three-level reduction for acceptance of responsibility, the court held that Charles's total offense level was 34. As a career offender his criminal history category was VI. USSG § 4B1.1(b). After considering the relevant factors under 18 U.S.C. § 3553(a), the court sentenced Charles as a career offender to a below-Guidelines term of 204 months of imprisonment on count two and 120 months on count one, to be served concurrently.

Charles subsequently filed a notice of appeal and challenged his sentence. He argued that the district court had erred in finding that he was a career offender. On September 9, 2009, we affirmed his sentence and held that "the district court did not commit plain error in determining that Charles is a career offender under § 4B1.1." *United States v. Charles*, 581 F.3d 927, 936 (9th Cir. 2009).

On February 17, 2012, Charles filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He argued that, because the FSA reduced the maximum penalty for the quantity of crack cocaine under 21 U.S.C. § 841 from life imprisonment to 40 years, his career offender base offense level under USSG § 4B1.1 should also be reduced. The district court held that Charles was ineligible for a sentence reduction because he was sentenced "based on the career offender guideline range provided by U.S.S.G. § 4B1.1 and not the range dictated by U.S.S.G. § 2D1.1 related to crack cocaine offenses." This timely appeal followed.

JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo whether a district court has jurisdiction to reduce a sentence under 18 U.S.C. § 3582. *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

DISCUSSION

Charles contends that he is eligible for a reduction of his sentence either because the FSA requires a reduction or because of retroactive changes made to the Guidelines.

A.  *Direct FSA Reduction*

Charles suggests that the FSA itself mandates a reduction in his sentence. He is incorrect.

We have previously held that the FSA does not express an intent that its ameliorative provisions apply retroactively to defendants who were sentenced before its effective date — August 3, 2010. *See United States v. Augustine*, 712 F.3d 1290, 1292–95 (9th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 297, 187 L. Ed. 2d 213 (2013); *United States v. Sykes*, 658 F.3d 1140, 1148 (9th Cir. 2011); *United States v. Baptist*, 646 F.3d 1225, 1227–29 (9th Cir. 2011) (per curiam); *see also Dorsey v. United States*, __ U.S. __, __, 132 S. Ct. 2321, 2335, 183 L. Ed. 2d 250 (2012). Other circuit courts of appeals have reached the same conclusion. *See, e.g.*, *United States v. Blewett*, No. 12-5226, 2013 WL 6231727, at *1–2 (6th Cir. Dec. 3, 2013) (en banc), *cert. denied*, No. 13-8947, 2014 WL 859676, at *1 (Mar. 31, 2014); *United States v. Johnson*, 732 F.3d 109, 115–16 (2d Cir. 2013); *United States*

*v. Hodge*, 721 F.3d 1279, 1281 (10th Cir. 2013); *United States v. Reeves*, 717 F.3d 647, 650–51 (8th Cir. 2013); *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam); *United States v. Turlington*, 696 F.3d 425, 428 (3d Cir. 2012); *United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 981, 184 L. Ed. 2d 764 (2013); *United States v. Curet*, 670 F.3d 296, 308 (1st Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 802 (7th Cir. 2011); *United States v. Bullard*, 645 F.3d 237, 248–49 (4th Cir. 2011); *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

### B. *Amendment 750*

Charles contends that he is eligible for a reduction because Amendment 750, which was made retroactive in part by Guideline Amendment 759,[2] reduced the crack cocaine offense levels set forth in USSG § 2D1.1.[3] However, Charles was sentenced under the Career Offender Guideline,[4] and we hold that Amendment 750 does not apply to that guideline.[5]

---

[2] USSG App. C, amend. 759 (Nov. 2011) ("Amendment 759").

[3] *Compare* USSG § 2D1.1 (Nov. 2011), *with* USSG § 2D1.1 (Nov. 2007).

[4] *See* USSG § 4B1.1 (Nov. 2007).

[5] Of course, the district court's authority to reduce his sentence was dependent upon "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Those policy statements allowed reductions based on changes made by Amendment 750. *See* USSG §1B1.10(c) (Nov. 2011).

We have previously held that retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders because, as we said "[t]he two sentencing schemes are mutually exclusive." *Wesson*, 583 F.3d at 731. Similarly, we have held that the retroactive[6] changes wrought by Amendment 750 did not affect a sentence that was imposed pursuant to the Career Offender Guideline. *United States v. Pleasant*, 704 F.3d 808, 811–12 (9th Cir.), *cert. denied*, __ U.S. __, 134 S. Ct. 824, 187 L. Ed. 2d 688 (2013). At the very least, those cases suggest that we should conclude that Amendment 750 does not affect a defendant's career offender sentence.

Other courts of appeals have reached that conclusion. *See United States v. Riley*, 726 F.3d 756, 758–59 (6th Cir. 2013); *Hodge*, 721 F.3d at 1280–81; *Reeves*, 717 F.3d at 650–51; *Berry*, 701 F.3d at 376–77; *Curet*, 670 F.3d at 309–10; *Griffin*, 652 F.3d at 803. As the Tenth Circuit Court of Appeals said:

> Mr. Hodge is not eligible for a reduction under Amendment 750 because he was sentenced under the career offender guideline rather than the crack cocaine guideline. Both Amendment 750 and Amendment 706 modified the Guidelines provisions pertaining to crack cocaine. It is well settled that a reduction in the offense level under Amendment 706 has no effect on an applicable career offender guideline range. In multiple unpublished cases this court has extended this holding to career offenders

---

[6] *See* Amendment 759.

> seeking relief under Amendment 750. We
> find the reasoning in these cases persuasive.

*Hodge*, 721 F.3d at 1280–81 (citations omitted).

We now join the other courts of appeals and hold what is at least implied in our prior published dispositions and made explicit in our numerous unpublished dispositions: Amendment 750 does not apply to or help defendants who were sentenced as career offenders pursuant to USSG § 4B1.1. Thus, Charles is not eligible to be considered for a sentence reduction.

## CONCLUSION

Because Charles was sentenced before August 3, 2010, the FSA does not affect his sentence. Because he was sentenced as a career offender (USSG § 4B1.1), the retroactive amendments to the drug guideline (USSG § 2D1.1) do not qualify him for sentence reduction consideration. *See* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10.

**AFFIRMED.**