**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-6222**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JEROME VAN BUREN,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:03-cr-00253-H-1)

───────────

Submitted: May 22, 2014          Decided: May 28, 2014

───────────

Before TRAXLER, Chief Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Jerome Van Buren, Appellant Pro Se. Jennifer P. May-Parker, Assistant United States Attorney, John Samuel Bowler, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome van Buren appeals the district court's order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) (2012), based on Amendment 750 to the Sentencing Guidelines. The district court denied relief, finding that Amendment 750 had no effect on van Buren's Guidelines range because he was sentenced as a career offender. We affirm.

After review of the record, we find no reversible error in the district court's denial of § 3582(c)(2) relief. Because van Buren was sentenced in 2005, prior to the effective date of the Fair Sentencing Act ("FSA"), the FSA does not apply. United States v. Bullard, 645 F.3d 237, 246-49 (4th Cir. 2011); see United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013), cert. denied, 2014 WL 956495 (U.S. Apr. 21, 2014). Further, van Buren's Guidelines range was determined by his career offender status. See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010). Finally, although Van Buren argued that the FSA did in fact change his Guidelines range because it lowered the statutory maximum penalty for his drug offense, which resulted in a lower career offender base offense level, we reject his claim. See United States v. Charles, __ F.3d __, __ 2014 WL 1424468, at *1 (9th Cir. 2014).

2

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED