**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50509 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00571-CAS |
| v. | |
| RANDY MITCHELL, a.k.a. Frog, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Randy Mitchell appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291. We review de novo whether a district court has authority to

modify a sentence under section 3582(c)(2), *see United States v. Pleasant*, 704

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 808, 810 (9th Cir.), *cert. denied*, 134 S. Ct. 824 (2013), and we affirm.

Mitchell contends that he is eligible for a sentence reduction under Amendment 750 to the Sentencing Guidelines. This contention fails because Mitchell was sentenced as a Career Offender under U.S.S.G. § 4B1.1. Thus, his sentence was not "based on" a Guidelines range that was lowered by the amendment. *See* 18 U.S.C. § 3582(c)(2); *United States v. Charles*, 749 F.3d 767, 770-71 (9th Cir. 2014). Morever, a sentence reduction would not be consistent with U.S.S.G. § 1B1.10(a)(1), the applicable policy statement, because the applicable Guidelines here are the Career Offender Guidelines. *See* 18 U.S.C. § 3582(c)(2); *Pleasant*, 704 F.3d at 811-12. This is true even though the district court varied downward from the Career Offender range at sentencing. *See* *Pleasant*, 704 F.3d at 812. Mitchell's contention that the district court erred when it determined at sentencing that he was a Career Offender is not cognizable in a section 3582(c)(2) proceeding. *See United States v. Waters*, 648 F.3d 1114, 1118 (9th Cir. 2011).

**AFFIRMED.**