**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10509 |
| Plaintiff - Appellee, | D.C. No. 4:04-cr-40052-DLJ |
| v. | |
| DAVID CHARLES HILL, a.k.a. Mack Truck, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Submitted January 20, 2016[**]

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

David Charles Hill appeals from the district court's order denying his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under

28 U.S.C. § 1291. Reviewing de novo, *see United States v. Leniear*, 574 F.3d 668,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

672 (9th Cir. 2009), we affirm.

As Hill does not dispute, he is ineligible for a sentence reduction under Amendments 706 and 750 to the Sentencing Guidelines because he was sentenced as a career offender under U.S.S.G. § 4B1.1. *See United States v. Charles*, 749 F.3d 767, 770-71 (9th Cir. 2014). Hill argues, however, that the statutory amendments under the Fair Sentencing Act ("FSA"), which would have the effect of lowering his base offense level under U.S.S.G. § 4B1.1, should be applied to him. This argument fails. The FSA does not apply retroactively to defendants, like Hill, who were sentenced before the Act's effective date. *See United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011). Contrary to Hill's claim, the disparate treatment between pre- and post-Act offenders, which occurs any time an ameliorative statute is deemed not to be retroactive, does not violate his constitutional rights. *See id.* at 1228-30; *see also United States v. Augustine*, 712 F.3d 1290, 1294-95 (9th Cir. 2013). We disagree with Hill that *Dorsey v. United States*, 132 S. Ct. 2321 (2012), compels a different result. *See id.* at 2335 (recognizing that, even though disparities may result, "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced").

**AFFIRMED.**