FILED
United States Court of Appeals
Tenth Circuit

March 31, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANK MONTOYA,

Defendant - Appellant.

No. 15-2168
(D.C. No. 2:10-CR-03164-RB-1)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, HOLMES**, and **MORITZ**, Circuit Judges.

Frank Montoya appeals from the district court's denial of his motion to

reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). After examining his

counsel's *Anders* brief[1] and fully examining the record, we conclude that Mr.

---

[*]      The parties have not requested oral argument, and upon examining the briefs and appellate record, this panel has decided that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1]      The Supreme Court held in *Anders v. California* that if defense counsel determines that her client's appeal is "wholly frivolous," counsel must
(continued...)

Montoya's appeal is wholly frivolous and grant the request of Mr. Montoya's counsel to withdraw from further representation of him.

## I

On June 15, 2011, Mr. Montoya entered into a plea agreement specifying a sentence of ninety months' imprisonment. *See* Fed. R. Crim. P. 11(c)(1)(C) (providing that a plea agreement may specify that an attorney for the government will "agree that a specific sentence . . . is the appropriate disposition of the case"). As a condition of his plea agreement, Mr. Montoya pleaded guilty to, *inter alia*, possession with the intent to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

Following entry of Mr. Montoya's plea, the United States Probation Office issued a Presentence Investigation Report ("PSR"), which determined that Mr. Montoya's base offense level was thirty-two but that he was entitled to a three-level downward adjustment for acceptance of responsibility.[2] Based on a total

[1]    (...continued)
inform the court, request permission to withdraw, and also submit "a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967).

[2]    The United States Probation Office used the 2010 edition of the

(continued...)

offense level of twenty-nine and a criminal history category of II, the United States Probation Office assigned Mr. Montoya to an advisory Guidelines sentencing range of ninety-seven to 121 months' imprisonment. On April 2, 2012, however, the district court accepted the terms of the plea agreement and sentenced Mr. Montoya to ninety months' imprisonment.

On April 6, 2015, Mr. Montoya filed a motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). In his motion, Mr. Montoya sought to have a retroactive amendment to U.S.S.G. § 2D1.1 applied to reduce his sentence. *See* U.S.S.G., suppl. to app. C, amend. 782 (2014). If the district court had applied the amendment, Mr. Montoya's advisory Guidelines sentencing range would have been reduced to seventy-eight to ninety-seven months' imprisonment. However, the United States Probation Office issued an advisory memorandum that recommended against applying the amendment to Mr. Montoya's sentence because the actual sentence that the district court imposed was based on Mr. Montoya's plea agreement, not his offense level.

On September 21, 2015, the district court issued an order denying Mr. Montoya's § 3582(c)(2) motion. Mr. Montoya, through his counsel, filed a timely notice of appeal. Pursuant to the framework established in *Anders*, Mr.

---

[2]     (...continued)
United States Sentencing Guidelines ("U.S.S.G.") Manual in preparing the PSR. The parties do not contest the applicability of that edition on appeal; therefore, as needed, we rely on the 2010 edition in conducting our analysis.

Montoya's counsel then filed a brief setting forth one potentially nonfrivolous issue for appeal and requesting permission to withdraw from further representation of Mr. Montoya. The one issue was the following: whether Mr. Montoya's motion for reduction in sentence was properly denied. Having independently reviewed the record, we discern no other issues worthy of consideration. Therefore, we turn to the sentence-reduction matter.

## II

"We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). In doing so, we "review de novo the district court's interpretation of a statute or the sentencing guidelines," as well as other questions of law that form the basis of the district court's decision. *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013); *accord United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008). One such question of law is "[t]he scope of a district court's authority in a resentencing proceeding under § 3582(c)(2)." *Rhodes*, 549 F.3d at 837.

It is settled law that "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997)). Pursuant to 18 U.S.C. § 3582(c)(2), "[t]he district court may modify a defendant's term of

imprisonment when he has been sentenced based on a range subsequently lowered by the Sentencing Commission and the reduction is otherwise consistent with policy statements in the guidelines." *Hodge*, 721 F.3d at 1280. Under limited circumstances, "defendants sentenced under a Rule 11(c)(1)(C) agreement are entitled to retroactive reductions in the Guidelines [under § 3582(c)(2)]." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013).

In *Freeman v. United States*, ---U.S.----, 131 S. Ct. 2685 (2011) (plurality opinion), Justice Sotomayor wrote a concurring opinion that states the Court's controlling holding.[3] As relevant here, she explained that "when a [Rule 11(c)(1)(C)] agreement *expressly* uses a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at 2698 (emphasis added). In other words, the Guidelines sentencing range must be "evident from the agreement itself" for a sentence specified in a Rule

---

[3] In *Graham*, we explained that, along with Justice Sotomayor's concurring opinion, the *Freeman* Court issued a plurality opinion and a dissenting opinion that each garnered four votes. 704 F.3d at 1278. We recognized that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those [m]embers who concurred in the judgment on the narrowest grounds." *Id.* (alterations in original) (quoting *Marks v. United States*, 430 U.S. 188, 193 (1977)). We further explained that "[e]very federal appellate court to consider the matter has reached the same conclusion, and we agree: Justice Sotomayor's concurrence is the narrowest grounds of decision and represents the Court's holding." *Id.* (collecting cases).

11(c)(1)(C) agreement to be eligible for a reduction under § 3582(c)(2). *Id.* at 2697.

The Rule 11(c)(1)(C) agreement in this case does not satisfy the *Freeman* standard. The agreement mentions the Guidelines three times. First, the agreement provides,

> The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Rule 32, Fed. R. Crim. P., any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

R., Vol. I, at 17 (Plea Agreement, dated Jun. 15, 2011). Second, the agreement provides, "The defendant and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C) and U.S.S.G. § 6B1.2(c),[4] that the appropriate sentence in this case is imprisonment for a period of ninety (90) months." *Id.* at 19. Third, the agreement includes a statement by Mr. Montoya and his attorney, averring that Mr. Montoya has been "advised . . . of [his] rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement." *Id.* at 22.

Even though the Guidelines sentencing range was ninety-seven to 121

---

[4]    Section § 6B1.2(c) provides guidance to sentencing courts on the factors they should consider in deciding whether to accept a Rule 11(c)(1)(C) agreement. It does not specify any advisory Guidelines ranges, much less ranges that would be applicable in particular cases; its function is procedural.

months' imprisonment, the parties agreed to, and the district court imposed, a ninety-month sentence. The agreement does not mention a Guidelines sentencing range, much less "call for the defendant to be sentenced within a particular Guidelines sentencing range." *Freeman*, 131 S. Ct. at 2697. Furthermore, the agreement does not "make clear that the basis for [Mr. Montoya's ninety-month term] is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* Put another way, the plea agreement does *not* base the ninety-month term on the Guidelines sentencing range of ninety-seven to 121 months' imprisonment. Therefore, because Mr. Montoya's Rule 11(c)(1)(C) plea agreement was not based on a sentencing range that has since been lowered, the district court lacked jurisdiction to consider Mr. Montoya's § 3582(c)(2) motion. *See Graham*, 704 F.3d at 1277 (noting that, without statutory authority, federal courts "lack jurisdiction to modify a term of imprisonment once it has been imposed").

### III

Exercising our jurisdiction under 28 U.S.C. § 1291, we **GRANT** the request of Mr. Montoya's counsel to withdraw from further representation of Mr. Montoya. Having fully examined the record, we agree with his counsel that Mr. Montoya's appeal is wholly frivolous. More specifically, we conclude that the district court lacked jurisdiction over his motion. While we see no error in the district court's decision not to grant Mr. Montoya relief, *dismissal*, rather than

denial, is the appropriate disposition of Mr. Montoya's § 3582 motion.[5]  We

**REMAND** the case to the district court, directing the court to **VACATE** its order

denying Mr. Montoya's motion and to enter in its stead an order **DISMISSING**

the motion for lack of jurisdiction.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

---

[5]     *See Graham*, 704 F.3d at 1279 ("While we find no fault with the district court's analysis, dismissal rather than denial is the appropriate disposition of Graham's § 3582 motion.").