**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10034 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00389-RS-2 |
| v. | |
| DRAY TERRY MOSBY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted October 26, 2020[**]

Before:     McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Dray Terry Mosby appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mosby contends that he is eligible for a sentence reduction under section

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

404 of the First Step Act of 2018 and Amendment 750 to the Sentencing Guidelines. The record reflects that Mosby was convicted of conspiracy to distribute methamphetamine and sentenced to the statutory minimum term set forth in 21 U.S.C. §§ 841(b) and 846. Contrary to Mosby's contention, neither the First Step Act nor Amendment 750 authorized the district court to modify this sentence. *See* First Step Act § 404(b) (permitting limited resentencing of defendants sentenced for crack cocaine offenses); *United States v. Charles*, 749 F.3d 767, 770-71 (9th Cir. 2014) (Amendment 750 modified drug guidelines for defendants sentenced for crack cocaine offenses); *see also United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) ("retroactive amendment to the Guidelines cannot reduce a sentence below the statutory minimum term").

We decline to consider Mosby's additional claims because they are raised for the first time on appeal. *See United States v. Valdez-Novoa*, 780 F.3d 906, 914 (9th Cir. 2015).

**AFFIRMED.**